## PHARES v. THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

[No. 2,291.    Filed April 26, 1898.]

COMPROMISE AND SETTLEMENT.—*Construction of Agreement.*—*Personal Injury.*—*Railroads.*—Where a railroad employe made a written proposition to the company in settlement of a claim for an injury sustained by him while in the employ of the company, containing a stipulation, "I am to remain in the service of said company as brakeman as long as I want to, providing my work shall prove satisfactory," and subsequently signed a release which the company's claim agent presented to him in which it was provided that he was to be employed "for such time only as may be satisfactory to said company," it will be presumed, in the absence of any showing of fraud or mistake, that claimant consented to such variance. . *pp. 55-61.*

CONTRACTS.—*Construction.*—*Master and Servant.*—Where a railroad

company in consideration of a release of liability for injuries sustained by an employe, agreed to re-employ him as a freight brakeman, he having been formerly employed as an extra freight brakeman, and he rendered services as such extra brakeman during the re-employment, the contract to re-employ is properly construed by considering the nature of the previous employment and the manner in which the parties treated the contract. *p. 61.*

From the Elkhart Circuit Court. *Affirmed.*

*Henry C. Dodge,* for appellant.

*Francis E. Baker* and *Charles W. Miller,* for appellee.

BLACK, J.—The court rendered judgment for the defendant upon a special verdict in an action brought by the appellant against the appellee. The controlling facts of the lengthy special verdict were as follows: The railroad company had two classes of freight brakemen, one called regular freight brakemen, and the other extra freight brakemen. The appellant entered the service of the appellee on the 6th day of September, 1892, and during all the time of his service was an extra freight brakeman. He suffered a personal injury while in such service, on the 29th of October, 1892. On the 25th of March, 1893, the appellant signed a writing, referred to in the special verdict as a proposition and as a written option and as an offer of compromise, as follows: "Elkhart, Indiana, March 25, 1893. For and in consideration of the sum of one dollar, to me in hand this day paid by the Lake Shore and Michigan Southern Railway Company, I hereby stipulate and agree to and with the said company that I will accept from it the sum of three hundred dollars, and further that I am to remain in the service of said company as brakeman as long as I want to, providing my work shall prove satisfactory to said company, as full settlement and satisfaction of all claims and demands of every kind, nature and description, which

I have or may be entitled to have against said company by reason of personal injuries sustained by me while a freight brakeman of said company, at or near Dune Park Station, in the State of Indiana, on the 29th day of October, 1892, and in consideration thereof to execute and deliver to said company a full, perfect and complete release and satisfaction, provided the same is paid to me within forty-five days from the date hereof. W. H. Phares. (Seal.)

"Witnesses: C. A. Theis, C. C. Needham.

"Elkhart, Indiana, March 25th, 1893.

I, the aforesaid W. H. Phares, do hereby acknowledge receipt from the Lake Shore and Michigan Southern Railway Company, by the hands of C. C. Needham, its agent, the said sum of one dollar mentioned in the above agreement. W. H. Phares.

"Witnesses: C. A. Theis, C. C. Needham."

On the 10th day of May, 1893, the appellant signed a writing as follows:

"Form No. 1284.

"Whereas, on the 29th day of October, A. D. 1892, the undersigned, while in the employ of the Lake Shore and Michigan Southern Railway Company as freight brakeman, received certain injuries as follows, to wit: While uncoupling engine, had his left hand caught between pin and end sill of car C. L. & W. 3718, one finger amputated and another bruised, while in the discharge of his duties, at or near Dune Park Station, in the State of Indiana; and whereas, I, the said William H. Phares, believe that my said injuries are the result of the negligence of said railway company, its officers, agents and employes; and whereas the said railway company denies any and all negligence on the part of itself, its officers, agents, and employes, and denies any and all liability to me for damages for the injuries so as aforesaid by me sustained; but by reason of an

offer of compromise made by me, the said L. S. & M. S. Ry. Co., for the purpose of avoiding litigation, to receive and accept the sum of three hundred dollars in full accord and satisfaction for all claims for damages which I may or might have for the injuries aforesaid, have paid to me the sum of three hundred dollars and agree to re-employ me as a freight brakeman for such time only as may be satisfactory· to said company. Now, therefore, in consideration of the premises, and the payment to me of the aforesaid sum of three hundred dollars, the receipt whereof I do hereby acknowledge, I do hereby release and forever discharge the said Lake Shore & Michigan Southern Railway Company and all other parties in interest, of and from all actions, suits, claims, and demands for or on account of or arising from the injuries so as aforesaid received, and every and all results hereafter arising therefrom.

"Witness my hand and seal, at Elkhart, Indiana, this tenth day of May, A. D., 1893.

"William H. Phares.    (Seal.)

"Signed, sealed and delivered in presence of C. C. Needham.                         J. W. Gainard.

"Lake Shore and Michigan Southern Railway Company, to William H. Phares, Dr.    Issued April 28, 1893, care of A. B. Newell, Chicago, Ill.    For settlement in full of all claims and demands to date, especially for personal injuries sustained at Dune Park, Indiana, October 29th, 1892, as per attached form G. S. 1284.    $300.00.

"Received, Elkhart, May 10th, 1893, of the Lake Shore and Michigan Southern Ry. Co., three hundred dollars in full of the above account.

"$300.00.                         William H. Phares.

"Correct.    W. H. Cahniff, Gen. Sup't.

"Audited.    C. P. Lehand, Auditor.

"Approved.    P. P. Wright, Ass't Gen'l Manager."

On the 25th of March, 1893, and during the whole of that month, and on the 10th day of May, 1893, and during the whole of that month, the appellant was employed by the appellee as an extra freight brakeman; and from the time of his first employment down to the 26th of June, 1894, whenever he was called upon to do work, he was put upon the appellee's pay roll of extra freight brakemen, and he received pay as such. At the date last mentioned, the appellee put in force a seniority list of all brakemen, whereby those in the appellee's service for the shortest time were put upon the list of extra freight brakemen, and the youngest of the extra freight brakemen in the service, to the number of ten, were temporarily laid off until business should revive. From that date to the commencement of this action the appellant's name was kept upon the list of extra freight brakemen who were so laid off, to be called into service as extra freight brakemen according to their seniority of service whenever business should revive so as to give them active employment.

It was found that the offer of compromise referred to in the writing of May 10, 1893, was the same offer of compromise contained in the writing of March 25, 1893; that this offer of March 25, 1893, was accepted by the appellee by C. C. Needham, claim agent, before the execution of the written release and written receipt dated May 10, 1893; that said Needham agreed with the appellant that the terms regarding appellant's employment contained in the written option of March 25, 1893, should be embodied in the written papers dated May 10, 1893, which were signed by the appellant.

It was also found that the appellee, on or about the 10th of May, 1893, accepted a proposition made by the appellant in said writing dated March 25, 1893,

and paid him $300.00; that the general officers of the appellee sent the release and receipt both dated May 10, 1893, to Needham, to be signed by the appellant; that after the execution of the writings dated May 10, 1893, no new or different arrangement regarding the appellant's employment was entered into between the parties.

It was further found that the principal and most valuable consideration in said compromise and agreement was the agreement by the appellee to furnish the appellant employment as brakeman as long as he wanted it and gave satisfaction in his work; that at all times from the 10th of May, 1893, until the bringing of this suit he was ready and willing to perform the duties of freight brakeman in the service of the appellee, and to give satisfaction therein, whenever the appellee would permit him to perform said work, and he went to the appellee, its officers and agents repeatedly, asking permission to work for the appellee as a freight brakeman, which he offered to do to the satisfaction of the appellee; that the appellee did not furnish him work as freight brakeman from the time of said compromise settlement until the trial, to exceed an amount (which it paid) of $173.90; that his service as a freight brakeman was worth $50.00 per month from May 10, 1893, to October 23, 1894 (the commencement of the action), and to March 16, 1896 (the time of the trial); that in August, 1895, he rented a farm for two years; that he used diligence in trying to obtain employment, etc., and had been able to earn in the aggregate ten dollars per month during the period between May 10, 1893, and the trial; that his loss and damage by the reason of the failure of the appellee to employ him as a freight brakeman for the remainder of the time for which he wanted said employment after the date of the trial would be one dollar.

While the proposition for compromise given by the appellant to the claim agent on the 25th of March, 1893, contained a stipulation on the part of the appellant, that "I am to remain in the service of said company as brakeman as long as I want to, providing my work shall prove satisfactory to said company," the written instrument containing the release sent by the appellee through the claim agent in response to the appellant's proposition, and containing a reference thereto, to be signed by the appellant, and by him signed, bearing date of May 10, 1893, did not contain such a stipulation or provision, but, instead of it, provided that the appellee agreed "to re-employ me as a freight brakeman for such time only as may be satisfactory to said company."

The claim agent agreed with the appellant that the contract releasing the appellee should contain such a provision conerning the employment of the appellant as that contained in the appellant's proposition, but when the release came from the general officers to the claim agent to be signed by the appellant, and the money consideration was paid, and the release was finally executed, it did not correspond with appellant's proposition and the claim agent's promise.

There is no finding of any mistake or of fraud or fraudulent conduct, no indication that the appellant did not know the contents of the papers which he' signed, dated the 10th of May, 1893, which is the date throughout the verdict referred to as the time of the acceptance of the offer of compromise by the appellee and as the date of the settlement between the parties. The contents of this instrument of release clearly indicated to the appellant that his proposition was not accepted as to all its stipulations by the appellee, and that it would settle upon different terms as set forth in the form of release sent by the general officers. As

to the final agreement of settlement, there can be no doubt that it was contained in the paper dated the 10th of May, 1893.   So far as it differed from the written proposition of the appellant or the oral promise of the claim agent, the appellant must be deemed to have consented to such variance when, without fraud or imposition, which cannot be presumed, he accepted the money and attached his signature.   No ground for the reformation of the contract appears, if such had been the purpose of the action.

The appellant was paid a specified sum for his services rendered after the compromise.   They were all rendered in the capacity of an extra freight brakeman.   It does not appear that this sum was not full payment for the services actually rendered.   If he had been employed as a regular freight brakeman he would have earned a larger sum.   But the appellant had been employed only as an extra freight brakeman up to the time of his injury, and he served and was paid in that capacity after the compromise. The contract to re-employ him as a freight brakeman is properly construed by considering the nature of his previous employment, and by looking to the manner in which the parties freely treated the contract and acted upon it, the appellant serving as an extra, and accepting pay as such.   The judgment is affirmed.